PER CURIAM.
The Florida Bar filed a complaint against Porter, a member of the Bar, and this Court appointed a referee to hear the matter. After conducting a hearing, the referee found Porter guilty of violating disciplinary rules 1-102(A)(6) (misconduct reflecting adversely on his fitness to practice law) and 6-101(A)(3) (neglect in failing to provide information to his client as requested and as promised to the grievance committee). The referee also found Porter not guilty of violating disciplinary rule 1-102(A)(4) (conduct involving misrepresentation or deceit) or article XI, rule 11.02(3)(a) (conduct contrary to honesty, justice, or good morals). The referee then made the following recommendation as to discipline:
I recommend that the respondent be privately reprimanded by personal appearance before the Board of Governors as provided in Rule 11.10(2) so long as he provides to Mr. Maloney [a former client] a pro se motion to vacate the sentences for his possible use, an accounting to him for his funds and their use, what was done in his behalf and the present status of his case. If the respondent fails to provide said information with copies to the referee and Bar counsel within 30 days of my recommendation made orally at final hearing on June 19, 1984, then I recommend he receive a public reprimand with a required personal appearance before the Board of Governors.
Neither Porter nor the Bar has contested the referee’s report, and the Bar has informed us that Porter has not complied with the conditions set by the referee. We therefore direct David M. Porter to appear before the Board of Governors, at a time and place set by the board, to receive a public reprimand. Costs in the amount of $802.24 are taxed against Porter.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.